FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 JUN -4 PM 1:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

ROYAL INSURANCE COMPANY OF )
AMERICA as subrogee of R. E. GRILLS )
CONSTRUCTION CO. INC., )
  )
  )
    Plaintiff, )
  ) CV 98-BU-1704-S
vs. )
  )
  ) **ENTERED**
WHITAKER CONTRACTING CORP., )
  ) JUN 0 4 1999
    Defendant. )

Memorandum Opinion

    This cause comes on to be heard on a motion for summary judgment filed by the defendant Whitaker Contracting Corp. ("Whitaker"), on March 22, 1999. In its motion, the defendant contends that the plaintiff, Royal Insurance Company of America ("Royal Insurance") cannot raise a genuine issue of triable fact in support of its claim that it, as subrogee of R.E. Grills Construction Co., Inc., is entitled to indemnification for a settlement paid to JoAnn Brown of $400,000.00.

    Summary judgment provides the parties with an invaluable opportunity to test the mettle of a case before it ever reaches trial. On a motion for summary judgment, the court assesses all of the proof the parties can bring to bear in order to ascertain whether a genuine need for trial is present. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is weighed heavily in favor of the non-movant; it is appropriate only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to



judgment as a matter of law. FED. R. CIV. P. 56(c). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment has the initial responsibility of informing this court of the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The movant's burden is not meager; it must illuminate for the court through the materials provided to it the reasons why the non-movant cannot or does not raise a genuine issue of material fact sufficient to support a trial.

Once the moving party has satisfied this initial burden, however, the nonmoving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 523 (11th Cir. 1994). Rule 56(e) requires the nonmoving party to "go beyond the pleadings" and by "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts'" showing there exist genuine issues for trial. *Celotex*, 477 U.S. at 324; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). "Tenuous insinuation" and empty speculation based on loose construal of the evidence will not satisfy the non-movant's burden. *Cf. Mesnick v. General Elec. Co.*, 950 F.2d 816, 820 (1st Cir. 1991), *cert. denied*, 504 U.S. 985 (1992).

While the court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding whether to grant or deny a summary judgment motion, FED. R. CIV. P. 56(c), the Rule "saddles the non-movant with the duty to 'designate' the specific facts in the record" supporting its claims. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). "Rule 56 . . . does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Id. See also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."), *cert. denied*, — U.S. —, 116 S.Ct. 74 (1995).

In resolving whether a given factual dispute requires submission to a jury, the court must

inspect the presented evidence through the looking glass of each party's substantive evidentiary burden. *Anderson*, 477 U.S. at 254-55. The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather decide whether such issues exist to be tried. The Court must avoid weighing conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993). At the same time, "[t]he nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury question.'" *Tidwell v. Carter Products*, 135 F.3d 1422, 1425 (11th Cir. 1998) (*citing Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

## Facts[1]

On April 11, 1996, Rhonda Chase was traveling southbound on United States Highway 75 ("highway") in Blount County where it is intersected by County Road 1 when the automobile of Vicki Washburn pulled onto the highway in Ms. Chase's path. Ms. Chase crashed into Ms. Washburn's vehicle and subsequently died. At the time and location of the accident, the highway was being widened. The general contractor on the project was R. E. Grills Construction Co., Inc. ("Grills"), and the paving subcontractor was Whitaker. Allegedly, Ms. Washburn pulled onto the highway because construction barricades, barrels and equipment moved or put into place by Whitaker blocked her view of oncoming traffic.

JoAnn Brown, as representative of the Ms. Chase's estate, initiated an action against Whitaker, Ms. Washburn, and State Farm Mutual Automobile Insurance Company (Ms.

---

[1] "The facts set out below are gleaned from the parties' submission of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the record." *Underwood v. Life Ins. Co. of Georgia*, 14 F.Supp. 2d 1266, 1267 n.1 (N.D. Ala. 1998). The factual narrative presented here is developed in the light most favorable to the plaintiff and with all *reasonable* inferences drawn in support of the plaintiff's position. *See Hunt v. Cromartie*, — U.S. —, —, — S.Ct. —, —, 1999 WL 303677 at *6 (May 17, 1999). Whether this narrative would be borne out in the facts developed at trial is another matter. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994).

Washburn's insurance carrier) on July 15, 1996. Thereafter, Ms. Brown amended her complaint to include a claim of negligence against Grills, claiming that Grills breached a "duty to exercise reasonable and ordinary care to ensure that members of the public were protected during said maintenance, repairing and/or paving project." The complaint failed to assert a claim against Grills arguing that it was liable for the negligence of Whitaker.

Prior to trial, Ms. Brown settled her claim against Grills for $400,000.00, an amount paid by Royal Insurance, and she settled her claim against Whitaker for $250,000.00. Royal Insurance then filed the instant indemnification claim to recover the $400,000.00 paid to Ms. Brown. Royal Insurance relies upon an indemnification clause in the subcontract between Grills and Whitaker as supporting its claim. That clause states:

> Indemnity Agreement. The Subcontractor covenants to indemnify and save harmless and exonerate the Contractor and the Owner of and from all liability, claims and demands for bodily injury and property damage arising out of the Work undertaken by the Subcontractor, its employees, agents or its subcontractors, and arising out of any other operation no matter by whom performed for and on behalf of the Subcontractor, whether or not in whole or in part to conditions, acts or omissions done or permitted by the Contractor or Owner.

## Contentions & Analysis

The defendant contends that because Ms. Brown's suit against Grill arose solely out of Grill's own negligence, that it is not required to indemnify Royal Insurance under the indemnity agreement. The plaintiff responds that because a reasonable trier of fact could determine that Whitaker moved the barricades to block Ms. Washburn's line of sight, Whitaker performed the acts on which Ms. Brown's claims of liability against Grill were based. As such, Royal Insurance claims, it is entitled to indemnification, regardless of whether it breached a duty to the decedent. Further, Royal Insurance maintains, even if Grills were completely at fault, indemnity is owed to it.

"Generally, under Alabama law, joint tort-feasors are not entitled to contribution or indemnity." *Humana Medical Corp. v. Bagby Elevator Co., Inc.*, 653 So.2d 972, 974 (Ala. 1995). An exception to this general proposition exists, however, in the case in which one tort-feasor agrees to

indemnify another, joint tort-feasor, "even for claims based on the other's own negligence. . . ." *Id.* An agreement to provide such indemnification will generally be upheld where "the parties knowingly, evenhandedly, and for valid consideration, intelligently enter into an agreement whereby one party agrees to indemnify the other, including indemnity against the indemnitee's own wrongs, if [the agreement is] *expressed in clear and unequivocal language.* . . ." *Industrial Tile, Inc. v. Stewart*, 388 So.2d 171, 176 (Ala. 1980) (emphasis added).

There are two genuine scenarios regarding Grills's liability in the instant suit. One possible scenario is that Grills was not itself negligent.[2] If this possibility were to be borne out at trial, Whitaker would be entitled to prevail, as Whitaker is not required to indemnify Royal Insurance where Grills was never liable. Indemnification is only possible where the indemnitee has exposure to some liability. The purpose of an indemnification agreement is for the indemnitee to be indemnified for its *liability*, either due to its own negligence or based upon the negligence of one of its employees, its agents or other individuals whose negligence can be attributed to the indemnitee.

The second scenario is that Grills was itself negligent. If Grills was negligent, then Royal Insurance must rely upon the indemnification language in the subcontract as a basis for indemnification. Even assuming that primary fault lay with Whitaker and that Grills's negligence was solely due to a breach of a duty relating to an omission to correct the wrongful moving of the barricades and barrels on the highway by Whitaker, Grills would still not be entitled to indemnification. This is the case because the indemnification language of the subcontract is not only ambiguous, it is, with regard to the relevant provisions, *grammatically meaningless*. In relevant part, the indemnification language states that "[t]he Subcontractor covenants to indemnify and save harmless and exonerate the Contractor and the Owner of and from all liability, claims and demands for bodily injury and property damage arising out of the Work undertaken by the Subcontractor, its employees, agents or its subcontractors, . . . *whether or not in whole or in part to*

---

[2] Whitaker's negligence is not an issue in the instant action. If Whitaker was not negligent, Grills cannot be found liable on the basis of any negligence by Whitaker. Further, even if Whitaker was negligent, Grills liability could not be predicated on that negligence. Under Alabama law, a contractor is not liable for the negligence of a subcontractor unless the work is necessarily or intrinsically dangerous or the contractor is responsible for the *manner of performance* of the subcontractor's duties. *See Clark v. Jackson*, 549 So.2d 85, 86 (Ala. 1989). The parties have not alleged that either of these are the case here.

*conditions, acts or omissions done or permitted by the Contractor or Owner.*" (Emphasis added.) The italicized phrase, as it is written, does not make sense when placed in the context of the rest of the sentence. A syntactic construction of the language, without adding any additional terms to the sentence, would be that the italicized phrase modifies the word "Work." On such a construction, the indemnification language would be that the subcontractor would indemnify the Contractor for all injury and property damage arising out of "Work, whether in whole or in part, to conditions, acts or omissions done or permitted by the Contractor or Owner." While syntactically sensible, semantically, this construction would have bizarre results. For example, under such a construction of the indemnity clause, there could be liability for Work done by the subcontractor "to . . . acts or omissions" done by the contractor. It is nonsense to state that a person could actively "do" an omission or that another person could perform work "to" that omission. In any case, this construction of the indemnity clause would only permit indemnification for claims arising out of the negligence of the subcontractor, not based on the contractor's own negligence.

Royal Insurance urges the construction that Grills be indemnified for liability arising out of Work undertaken by the subcontractor, whether or not in whole or in part *due* to conditions, acts or omissions on the part of the Contractor. On such a construction the modified word is "liability". However, where, as here, the language of the contract is ambiguous (or nearly meaningless), the contract "must be construed against the contractor who wrote it." *United States Fidelity & G. Co. v. Mason & Dulion Co.*, 145 So.2d 711, 713-14 (Ala. 1962) (stating that where the principal objective of a contract is not indemnity, then that contract, if ambiguous, is to be construed against the drafter). Therefore, the court will not interject a term not present in the contract to permit Royal Insurance to recover from Whitaker for Grills's own negligence. Therefore, the plaintiff has no grounds on which to obtain indemnification.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment will be GRANTED, the court finding no genuine issue of material or triable fact as to plaintiff's claim. This action will be DISMISSED, with prejudice. Each party is to bear its own costs.

DONE and ORDERED this 4th day of June 1999.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE